UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GUSTAVE E. KELLER,

Petitioner,

v.

JUDGE ERIC GOODMAN, et al.,

Respondents.

Case No. 2:23-cv-01802-GMN-BNW

**DISMISSAL ORDER**

This is a habeas corpus action brought by *pro se* Petitioner Gustave E. Keller. Keller initiated this action on November 3, 2023, by submitting a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paying the filing fee. (ECF Nos. 1, 1-1.) Following an initial review of the petition, this court ordered Keller to show cause why this action should not be dismissed. (ECF No. 3.) Keller complied—albeit untimely—by filing an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 6.)

**I.    BACKGROUND**[1]

On October 28, 2021, a criminal complaint was filed in Las Vegas Justice Court case number 21-CR-049393, charging Keller with violating an extended order for protection, a felony under Nev. Rev. Stat. § 200.591.5b, for going to his girlfriend's ex-husband's residence on June 26, 2021. A preliminary hearing was held on January 10, 2022, and the case was bound over to the district court. On January 12, 2022, Keller was arraigned by the Eighth Judicial District Court

---

[1] The court takes judicial notice of the online docket records of the Las Vegas Township Justice Court, Eighth Judicial District Court, and the Nevada appellate courts, which are accessible at: https://lvjcpa.clarkcountynv.gov/Anonymous/default.aspx, https://www.clarkcountycourts.us/portal, http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

in case number C-22-361743-1, and he pleaded not guilty. On March 2, 2022, Keller entered a no contest plea, and his trial was vacated. It does not appear that a judgment of conviction was ever entered. Rather, under the parties' negotiation, the Eighth Judicial District Court (1) sentenced Keller "to credit for time served," (2) ordered "Justice Court case 22CR004656 DISMISSED[ and Keller's] arrest warrant QUASHED," (3) "confirmed notice would be sent to the jail of the quashed warrant and Justice Court case dismissal so [Keller] could be released from custody," (4) exonerated Keller's bond, if any, and (5) closed the case. It does not appear that Keller appealed any judgment of conviction or sought post-conviction relief in the state courts. Indeed, in his amended petition, Keller indicated that he did not appeal the conviction, did not file a post-conviction petition in the state court, and did not appeal any denial of a state post-conviction petition. (*See* ECF No. 6 at 1.)

## II.     DISCUSSION

The federal habeas statute gives district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" for the conviction when the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). A habeas petitioner no longer is "in custody" for purposes of federal habeas jurisdiction if the sentence imposed by the judgment of conviction has fully expired before the federal petition is filed. *Maleng*, 490 U.S. at 492 (explaining that the Supreme Court has "never extended [the in-

custody requirement] to the situation where a habeas petitioner suffers no present restraint from a conviction"); *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) ("It is a statutory prerequisite that a habeas corpus petitioner must be 'in custody' at the time the petition is filed. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction." (Internal citation omitted)).

According to documents Keller provided to this court, he was booked into the Clark County Detention Center, most recently, on August 16, 2023, and released on November 3, 2023. (ECF No. 5 at 16.) Even though Keller filed his original petition in this court on November 3, 2023, the same day he was released from custody, Keller fails to demonstrate that he was in custody pursuant to a judgment of conviction at that time. In fact, regarding Eighth Judicial District Court case number C-22-361743-1, Keller's violation of an extended protective order case, he was sentenced to time served and released from custody on or about July 5, 2022. Keller appears to argue that he is in "constructive custody" because his freedom has been controlled by the protective order in Las Vegas Justice Court case number 20-PO-1339 since its issuance on September 28, 2020. (*See* ECF No. 6 at 3.) Although that protective order is related to his criminal case, that protective order has been entered in a separate civil case. Importantly, state orders of protection are not the subject of federal habeas litigation.

Moreover, as noted in this court's order to show cause, Keller has not exhausted any of the claims in his amended petition. A petitioner seeking habeas corpus relief in federal court under Section 2254 must first exhaust available state-court remedies before presenting his claims in federal court. To satisfy this exhaustion requirement, the claim must have been fairly presented to the highest state court available under the circumstances. *See*, *e.g.*, *Peterson v. Lampert*, 319 F.3d

1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). The exhaustion requirement insures that, as a matter of federal-state comity, the state courts have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See*, *e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Keller admits that he has not filed any appeal to the Nevada appellate courts.

**IV.   CONCLUSION**

It is therefore ordered that Keller's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 **[ECF No. 6] is dismissed with prejudice** for a lack of jurisdiction. Because reasonable jurists would not find the court's determination to be debatable or wrong, the court will not issue a certificate of appealability.

It is further ordered that the Clerk of Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[2] (2) informally serve the Nevada Attorney General with the amended petition (ECF No. 6), this order, and all other filings in this matter by sending notices of electronic filing, (3) enter final judgment accordingly, dismissing this action with prejudice, and (4) close this case.

DATED THIS 29 day of December 2023.

Gloria M. Navarro, Judge
United States District Court

---

[2] No response is required from Respondents other than to respond to any orders of a reviewing court.

4